UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLTON BARRETT, | : | CIVIL NO: 3:13-CV-00653 |
| Petitioner, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| MICHAEL HARLOW, | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.   Introduction**.

The petitioner, Colton Barrett ("Barrett"), filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his February 11, 2010, Pennsylvania guilty plea convictions for two counts of aggravated assault, five counts of arson endangering persons, and one count of arson endangering property, for which he received a total of 20.5 to 42 years' incarceration.  Barrett did not file a direct appeal, but his convictions were upheld on state collateral review.  On March 13, 2013, Barrett filed the petition currently under review and raises three grounds for relief.  For the reasons set forth herein, it is recommended that Barrett's habeas claims be denied and dismissed as time barred.

## II. Background and Procedural History.

With respect to this case, the undisputed facts set forth in the petition (*Doc. 1*), response (*Docs. 9 & 10*), and Barrett's reply brief (*Doc. 14*) reveal that on February 11, 2010, Barrett pleaded guilty to two counts of aggravated assault, five counts of arson endangering persons, and one count of arson endangering property, for which he received a total of 20.5 to 42 years' incarceration. The convictions resulted from a series of arsons in Columbia County, Pennsylvania, that Barrett and his co-conspirator were determined to have caused. After entering his guilty plea, Barrett filed a timely motion for reconsideration of sentence, but it was dismissed on July 7, 2010. The trial court's ruling was entered on the docket on July 14, 2010. Barrett did not file a direct appeal challenging the trial court's ruling on his post-sentence motion.

Then, on February 11, 2011, Barrett filed a timely petition in accord with Pennsylvania's Post Conviction Relief Act ("PCRA"). On September 12, 2011, the PCRA court entered an order dismissing Barrett's PCRA petition. Thereafter, on June 22, 2012, the Pennsylvania Superior Court denied Barrett's appeal, and he did not seek further review in the Pennsylvania Supreme Court. Instead, on March 13, 2013, Barrett filed this federal habeas corpus petition attacking his conviction.

After filing this federal habeas petition, the Court conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rather than

dismissing it, we ordered the respondent to file an answer and a memorandum of law addressing Barrett's petition.[1]  *Doc.* 4.  On April 23, 2013, respondent timely filed its response.  *Docs.* 9 & 10.  Therein, respondent asserts that Barrett's petition is time barred by the applicable statute of limitations.  *Doc.* 9 at ¶¶ 29-32; *Doc.* 10 at 8.  On June 6, 2013, Barrett filed a reply brief wherein he argues that the statute of limitations does not expire until August 22, 2013; therefore, he is not barred from bringing this federal petition.  *Doc.* 14 at 8.  For the reasons that follow, we find that Barrett's petition is barred by the statute of limitations governing Section 2254 habeas corpus petitions, and we recommend that the habeas grounds be denied and the petition dismissed as time barred.

## III. <u>Discussion</u>.

### A. State Prisoner Habeas Relief – The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[1] Because Barrett is not proceeding *pro se*, the Court did not require him to fill out an election form in accord with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

> (b)(1) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of
>> the State;
>
>> . . .
>
> (2) An application for a writ of habeas corpus may be denied on
> the merits, notwithstanding the failure of the applicant to exhaust
> the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b). As explained, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. The statute of limitations issue pending before the Court, however, is a threshold issue that only concerns itself with the procedural benchmarks for filing a federal habeas corpus petition.

**B. The Federal Habeas Corpus Statute of Limitations**.

Among the procedural prerequisites is the requirement that petitioners timely file petitions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 2244(d)(1), provides as follows:

> A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to
> the judgment of a State court. The limitation period shall run
> from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, 28 U.S.C. § 2244(d)(2), provides that:

> The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In assessing § 2244(d)(2)'s tolling provision relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which

5

they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. *Swartz*, 204 F.3d at 424-25.

Moreover, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes an application which is filed in a timely fashion under state law. Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State postconviction or other collateral review" and will not toll the limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005); *Long v. Wilson*, 393 F.3d 390, 394-95 (3d. Cir. 2004).

AEDPA's one-year limitation period, however, is not a jurisdictional bar to the filing of habeas petitions; *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617-18 (3d Cir 1998), and, therefore, is subject to equitable tolling. *Id*. Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' The petitioner must [also] show that he or she 'exercised reasonable diligence in

investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." *Id*. at 618-19 (citations omitted).

The decision to equitably toll § 2244(d), "must be made on a case-by-case basis." *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2563 (2010) (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). "In each case, there is a need for 'flexibility,' 'avoiding mechanical rules,' and 'awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.' " *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Holland*, 130 S.Ct. at 2563). Thus, there are "no bright lines in determining whether equitable tolling is warranted in a given case." *Id*.

**C. Barrett's Federal Habeas Corpus Petition**.

Barrett's conviction became final when his time for seeking direct review in the Pennsylvania Superior Court expired on August 13, 2010, which was 30 days after the trial court entered its order on the court's docket denying his motion for reconsideration of sentence. *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken); *see also Garcia v. Sauers*, No. 11-3419, 2012 WL 1563928, at *2 (E.D.Pa. March 1, 2012)(finding that conviction was final 30 days after petitioner's motion for reconsideration of sentence was denied). At this juncture, the ADEPA statute of limitations started to run.

Approximately 182 days later, on February 11, 2011, Barrett filed a timely PCRA petition. The PCRA court dismissed Barrett's petition, but he appealed the ruling to the Pennsylvania Superior Court. On June 22, 2012, the Superior Court denied Barrett's appeal. Barrett did not seek further review in the Pennsylvania Supreme Court. Nevertheless, the statute of limitations remained tolled until July 23, 2012, which was the final date that Barrett could have filed a petition for allowance of appeal in the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a)(petition for allowance of appeal in the Pennsylvania Supreme Court must be filed within 30 days of the Superior Court's order); *Swartz*, 204 F.3d at 424-25.

Subsequently, on March 13, 2013, Barrett filed this federal habeas corpus petition. In the meantime, 233 days of untolled time had lapsed. Combined with the previous 182 days of untolled time, a total of 415 days lapsed. As a result, Barrett's federal habeas petition is approximately 50 days late. Moreover, Barrett has not argued, and the record before the Court does not suggest, that the circumstances of this case present the rare situation which demands equitable tolling of the habeas statute. We therefore find that Barrett's petition is untimely and not subject to federal review.

**IV.    Recommendation**.

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

1) The Petition for a Writ of Habeas Corpus (*Doc.* 1), filed pursuant to 28 U.S.C. § 2254, be **DISMISSED AS UNTIMELY**; and

2) A finding be made that there is no probable cause to issue a certificate of appealability.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.
>
> Submitted this **21st** day of **June, 2013**.
>
> *S/ Susan E. Schwab*<br>Susan E. Schwab<br>United States Magistrate Judge