# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| COLTON BARRETT, | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 3:CV-13-0653 |
| v. | (JUDGE CAPUTO) |
| MICHAEL HARLOW, | (MAGISTRATE JUDGE SCHWAB) |
| Respondent. | |

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 15) to Colton Barrett's Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1.) Because the Petition was not timely filed and is not subject to equitable tolling, the Report and Recommendation will be adopted and the Petition will be dismissed.

## I. Background

As set forth in greater detail in Magistrate Judge Schwab's Report and Recommendation, Petitioner pled guilty in the Court of Common Pleas of Columbia County, Pennsylvania on December 18, 2009 to two counts of aggravated assault, five counts of arson endangering persons, and one count of arson endangering property. Petitioner was sentenced on February 11, 2010 to a period of incarceration of not less than 20.5 years and not more than 42 years.

Petitioner filed a timely motion for reconsideration of sentence, but his request was dismissed on July 7, 2010. The trial court's ruling was docketed on July 14, 2010. Petitioner did not file a direct appeal.

Next, on February 11, 2011, Petitioner filed a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). The PCRA court entered an order dismissing the PCRA petition on September 12, 2011. The Pennsylvania Superior Court denied Petitioner's appeal on June 22, 2012. Petitioner did not seek further review in the

Pennsylvania Supreme Court. Rather, Petitioner commenced the instant habeas corpus proceeding on March 13, 2013.

After a preliminary review of the Petition, Magistrate Judge Schwab ordered Respondent to file an answer and a memorandum of law responding to the Petition. Respondent timely complied and asserted that the Petition was barred by the applicable one-year statute of limitations period.

On June 21, 2013, Magistrate Judge Schwab issued the Report and Recommendation recommending that the Petition be dismissed as untimely. According to Magistrate Judge Schwab, a total of 415 days of untolled time elapsed before Petitioner filed his federal habeas Petition. Magistrate Judge Schwab thus concludes that the Petition was filed approximately fifty (50) days beyond the applicable limitations period and that equitable tolling of the statute of limitations was not warranted.

Petitioner, through his counsel, filed timely objections to the Report and Recommendation. Petitioner does not contest the Magistrate Judge's conclusion that the Petition was untimely filed by fifty (50) days. However, Petitioner argues that the Petition is subject to equitable tolling. This case presents extraordinary circumstances to warrant equitable tolling because:

> undersigned counsel advised Petitioner that he would have one year from the date upon which the Superior Court's decision was rendered within which to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Unfortunately, petitioner's counsel overlooked the fact that since the post-conviction petition was not filed until 162 days after the sentence became final, that this amount of time would be subtracted from the one year statute of limitations.

(Doc. 16, 2.) "As a result of counsel's misadvice, the petition was untimely," and "undersigned counsel dropped the ball and was responsible for the late filing of the Petition for Writ of Habeas Corpus." (*Id*. at 2-3.)

**II. Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct

2

a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

**III. Discussion**

Because Petitioner does not object to the Magistrate Judge's determination that the Petition was filed approximately fifty (50) days beyond the limitations period, and finding that this recommendation is not clearly erroneous, the uncontested portions of the Report and Recommendation will be adopted. I will, however, address Petitioner's request to apply equitable tolling to the instant Petition *de novo*.

The United States Supreme Court has held that a petitioner is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

- - - U.S. - - -, - - -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner must demonstrate both elements before tolling is permitted. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir.2012) (citing *Schlueter v. Varner*, 384 F.3d 69, 78 (3d Cir. 2004)).

Equitable tolling is appropriate when the party in question "has in some extraordinary way been prevented from asserting his or her rights." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). "One potentially extraordinary circumstance is where a prisoner is effectively abandoned by his attorney. Another potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (internal citations and quotations omitted). "[G]arden variety claims of excusable neglect," however, such as "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id*. at 89 n.16 (citations and quotations omitted).

The claim that counsel's miscalculation of the deadline to file the instant habeas Petition does not warrant the application of equitable tolling. Indeed, courts have repeatedly stated that such claims do not provide an adequate basis for equitable tolling. *See, e.g., Holland*, - - - U.S. at - - -, 130 S. Ct. 2549, 2564 ("we have previously held that a garden variety claim of excusable neglect, such as simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling."); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) ("other courts of appeals have considered this issue, and have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling."); *see also LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found

to rise to the 'extraordinary' circumstances required for equitable tolling."); *Fay v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (same); *Hayden v. Brooks*, No. 07-1886, 2007 WL 2571508, at *4 (E.D. Pa. Aug. 31, 2007) ("Courts have concluded that an attorney's failure to file a notice of appeal does not constitute the type of extraordinary or rare circumstances making it impossible for a defendant to timely file his or her [habeas] petition."). "Although [Petitioner's counsel] was negligent here, that negligence was not an 'extraordinary circumstance' tolling the limitation clock under *Holland* or *LaCava*." *McFarlane v. Gillis*, No. 01-1657, 2011 WL 129212, at *15 (E.D. Pa. Jan. 14, 2011); *see also Abbott v. New Jersey*, No. 11-2406, 2012 WL 3020030, at *6 (D. N.J. July 24, 2012) ("the public defender's erroneous advice to [the petitioner] that he had one year from July 12, 2010, to file his § 2254 Petition, was not an extraordinary circumstance but a garden variety miscalculation of the limitations period.").

Here, as set forth in the objections to the Report and Recommendation, (Doc. 16, 2-3), the Petition was untimely because of an error by counsel in calculating the limitations period. As this is only a garden variety claim of attorney negligence, equitable tolling is not justified.

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and the Petition for Writ of Habeas Corpus will be dismissed. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability should issue. *See* 3d.Cir. L.A.R. 22.2. A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter,

5

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal citations and quotations omitted). Because reasonable jurists would not debate the disposition of the instant habeas Petition, a certificate of appealability will not issue.

An appropriate order follows.

July 29, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge